IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY PATRICIA BURKETT, by and through her Attorney-in-Fact, MALLORY BURKETT, <br><br> Plaintiff, <br><br> v. <br><br> BEAVER COUNTY, as owner and operator of FRIENDSHIP RIDGE, a skilled nursing facility; and HEALTHSOUTH REHABILITATION HOSPITAL OF SEWICKLEY, LLC d/b/a HEALTHSOUTH REHABILITATION HOSPITAL OF SEWICKLEY, <br><br> Defendants. | Civil Action No. 14-640 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

AND NOW, this 7th day of January, 2015, upon consideration of Defendant Beaver County's Motion to Dismiss the Second Amended Complaint [39], Plaintiff's Brief in Opposition [41], the Court having heard argument on Defendant's prior Motion to Dismiss the first Amended Complaint [29], the official transcript of same, [35], and the Court's impression of the Second Amended Complaint [34],

IT IS HEREBY ORDERED that Defendant Beaver County's Motion [39] is DENIED. In support of this Order, the Court notes:

The County, as owner and operator of Friendship Ridge, moves to dismiss Plaintiff's Second Amended Complaint on the grounds that she does not properly plead a claim under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (Docket No. 39 at 3–7). Briefly, to establish municipal liability under *Monell*, a plaintiff is required to identify the challenged policy, practice or custom; attribute it to the municipality itself; and show a causal

1

link between the execution of the policy, practice or custom, and the injury suffered. *Estate of Will v. Neshaminy Manor, Inc.*, 2013 WL 1187085, at *7 (E.D.Pa. Mar. 21, 2013) (citing *Beswick v. Cty of Phila.*, 185 F.Supp.2d 418, 427 (E.D.Pa. 2001) (internal quotation omitted)).

Like this case, *Estate of Will v. Neshaminy Manor, Inc.* is § 1983 action against a county-owned nursing home for alleged Federal Nursing Home Reform Act violations. *Id.* In *Will*, the Court held argument on defendant's motion for an extension of time to file a motion to dismiss, during which the Court encouraged defense counsel to refrain from filing additional motions until the close of discovery in the interest of judicial economy and avoidance of piecemeal litigation. (Docket Nos. 7, 18, Civil Action No. 11-5482, E.D.Pa. Feb. 7, 2012). As such, the parties then proceeded to fact and expert discovery relative to the policies and customs of the county-owned nursing home and its decision-makers. *Will*, 2013 WL 1187085 at *1-2. As the County so contends here in a motion to dismiss, the *Will* defendant argued at the summary judgment stage that the plaintiffs could not establish municipal liability under *Monell*. *Id.* at *6. In determining same, the *Will* Court had the benefit of considering expert reports and the depositions of many key players, including the treating physician, the administrator in charge of the facility's operations, and the director of nursing. *Id.* at *2-3.[1] This Court agrees with the *Will* Court to the extent that Plaintiff is entitled to such discovery and that this matter is inappropriate for disposition on the pleadings alone. At this juncture, the record is incomplete for this Court to make a ruling as to whether Plaintiff has established municipal liability under *Monell*.

In light of the above and accepting as true all allegations in the Second Amended Complaint and viewing all reasonable factual inferences in the light most favorable to Plaintiff, in this Court's estimation, Plaintiff sufficiently states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 678, 679 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007);

---

[1] The Court ultimately granted Defendant's motion for summary judgment. *Will*, 2013 WL 1187085.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Having denied Defendant Beaver County's Motion [39] without prejudice, Defendant Beaver County's arguments may be renewed in a Motion for Summary Judgment at the appropriate time.[2]

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.

---

[2] Per this Court's Case Management Order [31], fact discovery ends April 30, 2015 and a Telephonic Post Fact Discovery Status Conference is set for May 1, 2015 at 2:00 p.m., at which time deadlines for expert discovery, if any, will be set. (*Id.*). A summary judgment schedule will be entered upon the completion of all discovery. (*Id.*).